UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELECTRONICALLY FILED
DOC #:
DATE FILED: 7/9/2019

CARL BROWN,

                              Plaintiff(s),

        -against-

SUPERINTENDENT T. GRIFFIN, GREEN
HAVEN CORRECTIONAL FACILITY, et al.,

                              Defendants.

19-CV-2296 (NSR)

ORDER TO AMEND

NELSON S. ROMÁN, United States District Judge:

   Plaintiff, currently incarcerated at Sullivan Correctional Facility, brings this *pro se* action

under 42 U.S.C. § 1983, alleging that Defendants subjected him to unconstitutional conditions of

confinement in retaliation for filing a lawsuit while he was confined at Green Haven Correctional

Facility. By order dated June 20, 2019, the Court granted Plaintiff's request to proceed without

prepayment of fees, that is, *in forma pauperis*.[1] For the reasons set forth below, the Court grants

Plaintiff leave to file an amended complaint within sixty days of the date of this order.

## STANDARD OF REVIEW

   The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious,

fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480

F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint when the Court lacks

subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any

of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

## BACKGROUND

Plaintiff brings this action against former Superintendent Thomas Griffin; New York State Department of Corrections & Community Supervision (DOCCS); C.O. Zikiya Reyes; Lt. Susan Hann; Superintendent LaManna; Lt. Bucolo; DSS A. Russo; C.O. Daniel Huttel; C.O. Clifford Gunsett; C.O. Steven Purcell; C.O. James Garcia; C.O. Keith Daishawn; C.O. Jeffrey Bengim; Dr. Yelena Korobkova; C.O. Fonseca; C.O. Robert Womacsko; Sgt. Dennis Benitez Jr.; Lt. Bryan P. Anspach; C.O. Damon M. Ausman; C.O. Craig F. Doyle; C.O. Christina Lorenzo; Captain Bey; Lt. Robert Hotaling; and Anthony Annucci, Acting Commissioner.

The following facts are taken from the complaint: in 2005,[2] Plaintiff filed an action in this Court against several correction officers at Green Haven. *See Brown v. Austin*, No. 05-CV-95443 (PKC) (RLE) (S.D.N.Y. June 23, 2010). While the case was pending, Plaintiff was moved to other facilities, but later returned to Green Haven. Since his return, Plaintiff has been subjected to "harassment, threats, assaults, slander, sexual harassment, intimidation, and official misconduct." (Compl. at 10.) Defendants' unconstitutional conduct includes: denying Plaintiff

---

[2] There are some discrepancies with respect to the dates Plaintiff provides in the complaint concerning his previous lawsuit. Plaintiff asserts that he filed that action in June 2006, and that on June 19, 2006, the Court granted defendants' motion to dismiss in part and denied it in part. But the Court records show that the initial complaint was filed in 2005; the Court received from Plaintiff an amended complaint dated December 2006; and the Court granted defendants' motion in part and denied it in part on October 3, 2007. *See Brown v. Austin*, No. 05-CV-95443 (PKC) (RLE) (ECF Nos. 2, 33, 62). Further, on March 3, 2009, the Court granted defendants' motion for summary judgment in part and denied it in part, and on June 23, 2010, a Stipulation of Settlement and Order of Dismissal was entered, closing the case. *See id.* (ECF Nos. 93, 109).

recreation, showers, phone usage, food, and the use of the law library; delaying Plaintiff's

incoming and outgoing mail, resulting in missed court deadlines; sexually assaulting Plaintiff by

"grabbing and rubbing against [his] ass and crotch during pat frisks" (*id.*); making plaintiff's

personal property disappear or go missing; and interfering with Plaintiff's ability to practice his

religion. In addition, on May 13, 2017, Plaintiff was "jumped" by a group of correction officers,

while others stood around and watched. (*Id.* at 11.) As a result of the assault, he suffered an

injury to his spine and a fractured right arm.

Plaintiff brings this action seeking monetary damages for Defendants' unconstitutional

conduct.

## DISCUSSION

**A.    New York State Department of Corrections and Community Supervision**

"[A]s a general rule, state governments may not be sued in federal court unless they have

waived their Eleventh Amendment immunity, or unless Congress has abrogated the states'

Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009).

"The immunity recognized by the Eleventh Amendment extends beyond the states themselves to

state agents and state instrumentalities that are, effectively, arms of a state." *Id.* New York has not

waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate

the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park*

*Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977); *see also Will v. Michigan Dep't of State Police*, 491

U.S. 58, 66-71 (1989) (holding that neither a state nor its officials acting in their official

capacities are "persons" under § 1983). Plaintiff's § 1983 claims against the New York State

Department of Corrections and Community Supervision, a New York State agency, are therefore

barred by the Eleventh Amendment and are dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

## B.     Personal Involvement of Remaining Defendants

To state a claim under § 1983, a plaintiff must allege facts showing the defendants' direct and personal involvement in the alleged constitutional deprivation. *See Spavone v. N.Y. State Dep't of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) (citing *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). A defendant may not be held liable under § 1983 solely because that defendant employs or supervises a person who violated the plaintiff's rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior."). An individual defendant can be personally involved in a § 1983 violation if:

> (1) the defendant participated directly in the alleged constitutional violation, (2) the defendant, after being informed of the violation through a report or appeal, failed to remedy the wrong, (3) the defendant created a policy or custom under which unconstitutional practices occurred, or allowed the continuance of such a policy or custom, (4) the defendant was grossly negligent in supervising subordinates who committed the wrongful acts, or (5) the defendant exhibited deliberate indifference to the rights of [the plaintiff] by failing to act on information indicating that unconstitutional acts were occurring.

*Colon*, 58 F.3d at 873.[3]

Plaintiff brings this action against a number of defendants who were employed at Green Haven while he was confined there. But he does not allege facts showing how each defendant was personally involved in the events underlying his claims. As the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed.*

---

[3] "Although the Supreme Court's decision in [*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)] may have heightened the requirements for showing a supervisor's personal involvement with respect to certain constitutional violations," the Second Circuit has not yet examined that issue. *Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013).

*Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)), the Court grants Plaintiff leave to amend the complaint. In the amended complaint, Plaintiff must plead facts showing that how each defendant caused a violation of his constitutional right.

## LEAVE TO AMEND

Plaintiff is granted leave to amend his complaint to detail his claims. First, Plaintiff must name as the defendant(s) in the caption[4] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights.[5] In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

---

[4] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[5] If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint. The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated his federally protected rights; what facts show that his federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court dismisses Plaintiff's claims against the New York State Department of Corrections and Community Supervision. *See* 28 U.S.C. § 1915(e)(2)(B)(iii).

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 19-CV-2296 (NSR). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to docket this as a "written opinion" within the meaning of

Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: July 9, 2019
      White Plains, New York

                                       NELSON S. ROMÁN
                                    United States District Judge

_____
_____
_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

_____
_____
_____
_____
_____
_____
_____

*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed in the above caption must be identical to those contained in Part I. Addresses should not be included here.)*

**AMENDED
COMPLAINT**

under the Civil Rights Act,
42 U.S.C. § 1983

Jury Trial: ☐ Yes    ☐ No

(check one)

___ Civ. _____ (    )

I.    **Parties in this complaint:**

A.    List your name, identification number, and the name and address of your current place of confinement.  Do the same for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff's    Name_____
             ID#_____
             Current Institution_____
             Address_____
             _____

B.    List all defendants' names, positions, places of employment, and the address where each defendant may be served.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant No. 1    Name _____ Shield #_____
                Where Currently Employed _____
                Address _____
                _____

Defendant No. 2    Name _____ Shield #_____

                   Where Currently Employed _____

                   Address _____

                   _____


Defendant No. 3    Name _____ Shield #_____

                   Where Currently Employed _____

                   Address _____

                   _____

Defendant No. 4    Name _____ Shield #_____

                   Where Currently Employed _____

                   Address _____

                   _____


Defendant No. 5    Name _____ Shield #_____

                   Where Currently Employed _____

                   Address _____

                   _____


## II.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.


A.    In what institution did the events giving rise to your claim(s) occur?

      _____

      _____


B.    Where in the institution did the events giving rise to your claim(s) occur?

      _____


C.    What date and approximate time did the events giving rise to your claim(s) occur?

      _____

      _____

      _____


D.    Facts:_____

      _____

      _____

      _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**Was anyone else involved?**

_____

_____

_____

_____

**Who else saw what happened?**

## III.   Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

_____

_____

_____

## IV.   Exhaustion of Administrative Remedies:

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Administrative remedies are also known as grievance procedures.

A.     Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

Yes _____   No _____

If YES, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____

_____

_____

B.   Does the jail, prison or other correctional facility where your claim(s) arose have a grievance procedure?

    Yes _____    No _____    Do Not Know _____

C.   Does the grievance procedure at the jail, prison or other correctional facility where your claim(s) arose cover some or all of your claim(s)?

    Yes _____    No _____    Do Not Know _____

    If YES, which claim(s)?

    _____

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose?

    Yes _____    No _____

    If NO, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

    Yes _____    No _____

E.   If you did file a grievance, about the events described in this complaint, where did you file the grievance?

    _____

    1.   Which claim(s) in this complaint did you grieve?

        _____

        _____

    2.   What was the result, if any?

        _____

        _____

    3.   What steps, if any, did you take to appeal that decision?  Describe all efforts to appeal to the highest level of the grievance process.

    _____

    _____

    _____

    _____

F.   If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

        _____

        _____

        _____

_____
_____
_____

2.  If you did not file a grievance but informed any officials of your claim, state who you informed, when and how, and their response, if any:

_____
_____
_____
_____
_____
_____

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

_____
_____
_____
_____
_____
_____
_____
_____

Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.

## V.    Relief:

State what you want the Court to do for you (including the amount of monetary compensation, if any, that you are seeking and the basis for such amount). _____

_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

_____

_____

_____

**VI.    Previous lawsuits:**

On these claims

A.    Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _____  No _____

B.    If your answer to A is YES, describe each lawsuit by answering questions 1 through 7 below.  (If there is more than one lawsuit, describe the additional lawsuits on another sheet of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2. Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.    Is the case still pending?  Yes _____  No _____
      If NO, give the approximate date of disposition_____

7.    What was the result of the case? (For example:  Was the case dismissed?  Was there judgment in your favor?  Was the case appealed?) _____
_____
_____

On other claims

C.    Have you filed other lawsuits in state or federal court otherwise relating to your imprisonment?

Yes _____  No _____

D.    If your answer to C is YES, describe each lawsuit by answering questions 1 through 7 below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same format.)

1.    Parties to the previous lawsuit:

Plaintiff _____
Defendants _____

2.    Court (if federal court, name the district; if state court, name the county) _____
_____

_____ 3.    Docket or Index number _____

_____ 4.    Name of Judge assigned to your case_____

5.    Approximate date of filing lawsuit _____

6.   Is the case still pending?  Yes _____  No _____
     If NO, give the approximate date of disposition_____

7.   What was the result of the case? (For example:  Was the case dismissed?  Was there
     judgment in your favor?  Was the case appealed?) _____
     _____
     _____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ___ day of _____, 20___.

                              Signature of Plaintiff    _____

                              Inmate Number             _____

                              Institution Address       _____

                                                        _____

                                                        _____

                                                        _____


<u>Note</u>:   All plaintiffs named in the caption of the complaint must date and sign the complaint and provide
         their inmate numbers and addresses.


I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


                    Signature of Plaintiff:    _____