```
┌─────────────────────────────────┐
│ USDC SDNY                       │
│ DOCUMENT                        │
│ ELECTRONICALLY FILED            │
│ DOC #:_____          │
│ DATE FILED: 9/2/20              │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CARL BROWN,

                Plaintiff,

    -against-

FORMER SUPT. Of GREEN HAVEN
THOMAS GRIFFIN *et al.*,

               Defendants.

19-cv-2296 (NSR)
ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Carl Brown, proceeding *pro se* in this Section 1983 action against Defendants, filed two letters seeking, *inter alia*, the appointment of *pro bono* counsel. (ECF Nos. 47 & 48.)

    Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

    The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test

veracity." *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60-61.

Plaintiff's application for appointment of *pro bono* counsel is his first request. Plaintiff's instant request for *pro bono* counsel cannot be granted at such an early stage in the litigation. Defendants have not answered nor filed any motions in this case. In short, this case is in its absolute infancy, with no discovery nor motion practice having ensued. At this early stage in the proceedings, there is no indication that Plaintiff's position shows a strong chance of success or that the legal issues in this case are particularly complex. Additionally, although Plaintiff identifies issues that he is having with staff at Sullivan Correctional Facility, the Court cannot yet conclude that Plaintiff is unable to handle the case without assistance, although this conclusion may change as the action progresses.

Therefore, because the Court does not find any circumstances which warrant the appointment of pro bono counsel *at this time*, Plaintiff's motion is DENIED without prejudice to renewal at a later stage in the proceedings. The Clerk of Court is respectfully directed to mail a copy of this Order to Plaintiff at his address as listed on ECF and to show proof of service.

SO ORDERED:

Dated: September 2, 2020
White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge