UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL BROWN,

                          Plaintiff,

        -against-

FORMER SUPT. Of GREEN HAVEN
THOMAS GRIFFIN *et al.*,

                        Defendants.

19-cv-2296 (NSR)
ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/21/2022

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Carl Brown ("Plaintiff") brings this *pro se* action pursuant to 42 U.S.C. § 1983 alleging violations of his Constitutional rights. (ECF No. 2.) By order dated June 20, 2019, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). (ECF No. 8.) On August 24, 2020 and August 26, 2020, the Court received letters seeking, *inter alia*, the appointment of *pro bono* counsel. (ECF Nos. 47 & 48.) On September 9, 2020, the Court denied Plaintiff's application without prejudice. (ECF No. 49.) On December 4, 2020, the Court granted the Defendants leave to file a motion to dismiss the second amended complaint. (ECF No. 63.)

    From December through January of 2021, Plaintiff filed multiple letters stating he was being harassed by the Defendants and losing privileges, including access to the Law Library and legal materials. (ECF Nos. 61, 64, 65 & 66.) In response, the Court directed the Defendants to respond to the allegations and provided Plaintiff with a 60-day extension to oppose the motion to dismiss. (ECF No. 70.) After Defendants failed to respond to Plaintiff's allegations, Plaintiff filed two additional letters in March of 2021, seeking a further extension on similar grounds. (ECF Nos. 74 & 75.) The Court again ordered the Defendants to respond to Plaintiff's allegations, which they did on April 8, 2021. (ECF Nos. 76 & 81.) Defendants alleged that Plaintiff was not granted

access to the Law Library because (1) "Plaintiff [] sought medical accommodations for Law Library access that were not determined medically necessary," and (2) Plaintiff refused to provide paperwork demonstrating he had an upcoming court deadline per Covid-19 protocol. (ECF No. 81.) The Court then granted Plaintiff an extension until May 3, 2021. (ECF No. 82.)

On May 6, 2021, Plaintiff filed two documents purporting to be his opposition to the Defendants' motion. (ECF Nos. 85 & 86.) On May 18, 2021, the Defendants filed their motion to dismiss. (ECF No. 88.) From May through July of 2021, the Court received several additional letters from Plaintiff, with various allegations about continued retaliation and harassment. (ECF Nos. 87, 91, 92, 93, 94, & 95.) In short, Plaintiff alleged that correctional officers were continuing to spread rumors about him to provoke other inmates into harassing him and taking all of his property, and that he has continuously been denied medical care and sexually harassed. (*Id*.) Plaintiff also requested more time to respond to the Defendants' motion. (ECF Nos. 92 & 93.) The Court again requested the Defendants respond to Plaintiff's allegations. (ECF No. 96.)

In their response, Defendants claimed that (1) Plaintiff's letters are difficult to follow; (2) the allegations that correctional officers are retaliating based on a lawsuit filed against employees of another facility is "speculative;" (3) the allegation that Commissioner Annucci approved the retaliation was "explicitly denied;" (4) Plaintiff was transferred to Great Meadow Correctional Facility; and (5) Plaintiff failed to avail himself of administrative remedies. (ECF No. 97.) Defendants also stated they had no objection to the Court granting an extension, (ECF No. 97), therefore the Court granted Plaintiff a final extension, allowing him to respond on or before September 7, 2021. (ECF No. 98.) On August 24, 2021, the Court received a letter from Plaintiff containing additional allegations of harassment and retaliation, a renewed request for *pro bono* counsel, and an additional request for extension. (ECF No. 101.) Plaintiff has continued to send

letters to the Court regarding his case and *pro bono* counsel.  (ECF Nos. 103, 104, 105, 107, 108 & 109.)

On March 14, 2022, the Court issued an Opinion and Order granting in part and denying in part Defendants' motion to dismiss, upholding Plaintiff's claims for excessive force, sexual assault, failure to protect, and retaliation.  (ECF No. 129.)  The Opinion and Order also grants Plaintiff leave to file a third amended complaint.  (*Id*.)  Plaintiff has continued to request the assistance of counsel.  For the below reasons, Plaintiff's requests are granted.

## LEGAL STANDARD

Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases.  *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989).  Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel.  *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). First, the litigant must demonstrate that he or she is indigent, "for example, by successfully applying for leave to proceed *in forma pauperis*."  *Vinluan v. Ardsley Union Free Sch. Dist.*, No. 19-CV-06496 (NSR), 2020 U.S. Dist. LEXIS 12146, at *3 (S.D.N.Y. Jan. 21, 2020).  The court must then consider whether the litigant's claim "seems likely to be of substance."  *Id*. at 60–61. This means that it appears to the court, "from the face of the pleadings," *Stewart v. McMickens*, 677 F. Supp. 226, 228 (S.D.N.Y. 1988), that the claims asserted "may have merit," *Vargas v. City of New York*, No. 97 Civ. 8426, 1999 WL 486926, at *2 (S.D.N.Y. July 9, 1999), or that the

plaintiff "appears to have some chance of success . . . ." *Hodge*, 802 F.2d at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id*. In considering these factors, district courts should neither apply brightline rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks*, 114 F.3d at 392–93. Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## **DISCUSSION**

The last time the Court evaluated Plaintiff's request for appointment of *pro bono* counsel (ECF No. 49), it determined that there was no indication that Plaintiff's position seems likely to be of substance, or that there are particularly complex issues requiring the appointment of *pro bono* counsel because, in part, Defendants had not yet had an opportunity to respond to Plaintiff's Complaint. (ECF No. 49 at 2.) The Court also concluded that, at the time, it could not conclude that Plaintiff is unable to handle his case without assistance. (ECF No. 49 at 2.) Now, a year later, the Court is faced with a different set of circumstances.

As an initial matter, the Court has determined, based on a review of Plaintiff's IFP application, (ECF No. 1), that Plaintiff qualifies as indigent. Therefore, Plaintiff has satisfied the first *Hodge* factor.

In his Second Amended Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 for violations under the First, Fifth, Sixth, Eighth, and Fourteenth Amendments. (Compl. at 7.) Plaintiff's allegations mainly consist of retaliation and harassment claims stemming from a previous settlement he won against several Green Haven Correctional Facility correctional

officers.  (*Id*. at 10-11.)  Plaintiff alleges the Defendants (1) spread rumors about his sexuality, racism, and his criminal history in an effort to get other inmates to harass and potentially injure him; (2) destroyed his belongings and set his cell on fire; (3) sexually assaulted him during a "pat frisk[]"; (4) beat, pepper sprayed, and stabbed him while he was handcuffed; and (5) wrote false misbehavior reports.  (*Id*. at 1-7.)  Plaintiff also asserts a deliberate indifference to medical needs claim, as medical staff denied him medical care and prescriptions.  (*Id*. at 7.)  Lastly, Plaintiff asserts failure to act and failure to supervise claims against several Defendants who observed the abuse or received letters detailing the abuse he was suffering.  (*Id*. at 6-7.)  The Court finds Plaintiff's claims are "likely to be of substance."  *Hodge*, 802 F.2d at 62; *Lombardo v. Goord*, No. 99 Civ. 1676 (JSR)KNF, 1999 WL 983875, at *1 (S.D.N.Y. Oct. 28, 1999) (granting request for *pro bono* counsel where the plaintiff's claims related to an assault and failure to render adequate medical care had "some chance of success") (internal citations omitted).  While several of Plaintiff's claims were dismissed without prejudice in the Court's Opinion and Order, this was generally due to the Plaintiff's insufficient and conclusory pleadings.  With counsel, it is likely that more of Plaintiff's claims would survive a motion to dismiss.

The Court similarly finds that the other *Hodge* factors weigh in favor of granting Plaintiff's application.  Plaintiff's ability to investigate his claims is likely limited due to his incarceration and potential difficulties surrounding Covid-19 protocols.  Additionally, there are over 20 defendants named in this lawsuit, and Plaintiff "seems to have trouble articulating the appropriate parties, claims, and standards to make out his case."  *See Carno v. Correct Care, Inc.*, 17-cv-7998 (NSR), 2019 U.S. Dist. LEXIS 128613, at *4 (S.D.N.Y. July 31, 2019) (granting request for *pro bono* counsel in part because Plaintiff's claims related to medical and scientific issues).  Plaintiff filed multiple letters containing allegations of continued harassment and property damage that has resulted in him losing legal documents and prevented him from having access to legal materials

and resources. (ECF Nos. 64, 65, 74, 75, 83, 84, 87, 91, 92, 93, 94, 95, 99 & 101.) Hence, in this case, representation would "lead to a quicker and more just result by sharpening the issues and shaping examination." *Hodge*, 802 F.2d at 61.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Application for the Court to Request Counsel is granted. The Court advises Plaintiff that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Plaintiff. Nevertheless, this litigation will progress at a normal pace. If an attorney volunteers, the attorney will contact Plaintiff directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Plaintiff should be prepared to proceed with the case *pro se*. Of course, if an attorney offers to take the case, it is entirely Plaintiff's decision whether to retain that attorney or not. The Court has established a Pro Bono Fund to encourage greater attorney representation of pro se litigants. The Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* http://www.nysd.circ2.den/docs/prose/pro_bono_fund_order.pdf.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

The Clerk of the Court is kindly directed to mail a copy of this Order to *pro se* Plaintiff and show proof of service on the docket.

SO ORDERED:

Dated: March 21, 2022
        White Plains, New York

NELSON S. ROMÁN
United States District Judge