USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/12/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL BROWN,

                Plaintiff,

-against-

ANTHONY ANNUCCI, et al,

                Defendant.

No. 19-CV-2296 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

    Carl Brown ("Plaintiff"), proceeding *pro se*, commenced this action against the Defendants on March 14, 2019. (Compl. at ECF No. 2). Presently before the Court is Plaintiff's Motion to Amend/Correct Amended Complaint ("Pltf.'s Mot."). (ECF No. 177), seeking leave to file a Fourth Amended Complaint ("FAC") (Mem. of L. in Support re: Motion to Amend/Correct ("Pltf.'s Mem.") p.1, at ECF No. 177). Defendants oppose Plaintiff's motion. (*see* Mem. of L. in Opposition re: Motion to Amend/Correct Amended Complaint ("Defs.' Opp.") at ECF No. 179).

    For the following reasons, the Court GRANTS Plaintiff's motion.

**BACKGROUND**

    Plaintiff is incarcerated at Upstate Correctional Facility. (Pltf.'s Mem p. 1). Plaintiff initiated this action *pro se*, asserting claims under 42 U.S.C.§ 1983. (*Id*.) Plaintiff filed his Third Amended Complaint ("TAC"), pursuant to this Court's order (*see* Memo Endorsement at ECF No. 141), on June 29, 2022. (ECF No. 159). Subsequently, on August 10, 2022, *pro bono* counsel appeared on Plaintiff's behalf. (*See* ECF No. 170-72). Counsel submitted Pltf.'s Mot. on March 15, 2023.

**LEGAL STANDARD**

I.     Rule 15

Once a pleading is amended, a party is required to obtain either the consent of the opposing party or the court's leave to further amend its pleading. Fed. R. Civ. P. 15(a)(2) ("Rule 15"). Rule 15 directs courts to "freely give leave when justice so requires." *Id*.

The Supreme Court has directed the lower courts to "heed[]" Rule 15's mandate, stating that "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, by virtue of allowance of the amendment, futility of the amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). It is within a District Court's discretion whether to grant leave to amend, but to do so without "any justifying reason" is to abuse that discretion. *Id*. That is, a District Court must have a "good reason" to deny a motion to amend, one usually based on the factors listed in *Forman*. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007).

Rule 15's permissive nature accords with this Circuit's "strong preference" to resolve disputes on the merits. *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec. LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (quoting *Williams v. Citigroup Inc.*, 659 F.3d 2018, 212-13 (2d Cir. 2011)). Indeed, absent a showing of prejudice or bad faith, practice in this Circuit is to grant a motion to amend. *Block v. First Blood Associates*, 988 F.2d 344, 350 (2d Cir. 1993).

**DISCUSSION**

Defendants fail to make a showing such that the Court has a "good reason" to deny Pltf.'s Mot. *McCarthy*, 482 F.3d at 200. Defendants note numerous examples in the FAC that, in their

eyes, contain insufficient factual pleadings to make out a claim. (Defs.' Opp. p.1). They also object to reworked versions of claims in the FAC that the Court disposed of in a order pertaining to a prior version of Plaintiff's complaint and of raising claims Defendants allege are time-barred. (*Id*. pp.1-3). In essence, then, the Defendants request that the Court dispose of Plaintiff's claims in the proposed FAC not on the merits but based on Rule 15. As noted above, doing so would contradict this Circuit's "strong preference" to resolve disputes on the merits. *Loreley Fin. (Jersey) No. 3 Ltd.,* 797 F.3d at 190.

Further, Defendants fail to make any showing that to grant Plaintiff's motion would result in prejudice or reward bad faith on the part of Plaintiff. *Block*, 988 F.2d at 350. Defendants make no claims regarding prejudice. Most pertinently regarding potential bad faith, under the difficult conditions presented by his incarceration, Plaintiff met this Court's deadline, July 16, 2022, to file the TAC by submitting a ten-page, handwritten document, with attachments and exhibits, on June 29, 2022. (*see* ECF Nos. 150, 159). Moreover, it is axiomatic in this Circuit that *pro se* plaintiffs receive "special solicitude". *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006). Though now represented by *pro bono* counsel, that solicitude undoubtedly weighs in favor of granting Plaintiff's request, absent a strong showing by Defendants of delinquency, bad faith, or prejudicial effect.

As such, Defendants have failed to make out a "good reason" for this Court to deny Plaintiff's motion. McCarthy, 482 F.3d at 200. Indeed, Defendants themselves offer that the issues they raise "may be best addressed through a motion to dismiss rather than a rejection of the FAC . . . ." (Defs.' Opp. p.3). This Court agrees.

**CONCLUSION**

For the foregoing reasons, Plaintiff's motion to file his proposed Fourth Amended Complaint is GRANTED, and Plaintiff is directed to file such Fourth Amended Complaint on or before December 18, 2023. The Defendants are directed to answer, seek leave to move, or otherwise respond to the Fourth Amended Complaint on or before January 8, 2024. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 177.

Dated:  December 12, 2023               SO ORDERED:
        White Plains, New York

_____
NELSON S. ROMÁN
United States District Judge