UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/09/2024

CARL BROWN,

       Plaintiff,

-against-

ANNUCI, et al.

       Defendants.

19-CV-2296 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

  The Court is in receipt of Letters dated April 23 and May 1, 2024 from *pro se* Plaintiff Carl Brown requesting he be mailed a copy of his Fourth Amended Complaint, an extension of time to oppose the remaining Defendants' Motion to Dismiss, the appointment of *pro bono* counsel. (ECF Nos. 246. 248.) For the reasons below, Plaintiff's request is DENIED, in part, and GRANTED, in part.

  Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the Pro Se Office request an attorney to represent an indigent litigant by placing the matter on a list circulated to attorneys who are members of the Court's *pro bono* panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

  The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct the district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently,

1

and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity." *Cooper*, 877 F.2d at 172; accord *Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61–62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60–61.

With that in mind, Plaintiff's instant request for *pro bono* counsel cannot be granted at this stage of the litigation. The Defendants in this matter have been granted leave to file a motion to dismiss. (ECF No. 243). Plaintiff's prior *pro bono* counsel assisted in drafting a well-organized fourth amended complaint with numerous exhibits attached in support. (ECF No. 183). This fourth amended complaint obviates the need for Plaintiff to perform an factual investigation at this stage and, similarly, cross-examination is of no moment for a motion to dismiss. While Plaintiff's incarceration is not helpful to obtaining representation, Plaintiff was able to engage his prior *pro bono* counsel while detained. Finally, his claims are of a type that numerous other *pro se* plaintiffs prosecute throughout this District every day. Moreover, Plaintiff is in a better position than his *pro se* peers given the assistance provided by his prior *pro bono* counsel in drafting his fourth amended complaint.

Accordingly, the Court DENIES Plaintiff's motion without prejudice with leave to renew at a later stage in the proceedings.

Plaintiff's request for an extension of time to oppose Defendants' Motion to Dismiss is GRANTED. Plaintiff is directed to serve his opposition on the Defendants on or before May 31, 2024. Defendants are directed to serve their reply, and to file all of the parties' papers on the docket, on June 17, 2024.

Further, Plaintiff's request to be mailed a copy of his fourth amended complaint is GRANTED. The Clerk of Court is respectfully directed to mail a copy of Plaintiff's fourth amended complaint along with a copy of this Order to Plaintiff at Shawangunk Correctional Facility, P.O. Box 700, Wallkill, New York 12589.

Dated: May 9, 2024
White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge