```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  6/3/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CARL BROWN,

                Plaintiff,

-against-

ANTHONY ANNUCCI, et. al.,

                Defendants.

19-cv-2296 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge:

*Pro se* Plaintiff Carl Brown ("Plaintiff") initiated this action on March 14, 2019, alleging deprivation of rights under 42 U.S.C. § 1983 ("Section 1983") claiming violations of the First Amendment, Fourth Amendment, Sixth Amendment, Eighth Amendment and Fourteenth Amendment, as well as bringing forth various state law claims against a litany of defendants, the only relevant defendants for the instant motion being Defendant Lieutenant Susan Hann ("Hann" or "Defendant") and Defendant Corrections Officer Zikiya Reyes-Jordan ("Reyes-Jordan").

Presently before the Court is Defendant Susan Hann's Motion to Dismiss Plaintiff's claims against her pursuant to Federal Rules of Civil Procedure 12(b)(6). For the following reasons, the motion is DENIED.

## BACKGROUND

The following facts are derived from the Second Amended Complaint ("Compl.") and Plaintiff's Opposition ("Opp.") and are taken as true and constructed in the light most favorable to the Plaintiff at this stage.[1]

---

[1] The Second Amended Complaint contains a voluminous number of factual aversions against numerous defendants. However, because the present motion before the Court is only Defendant Hann's motion to dismiss, the Court confines its recitation of fact and analysis to those allegations relevant to Defendant Hann and Plaintiff's claims against Defendant Hann.

1

Plaintiff alleges that Reyes-Jordan kicked Plaintiff and re-injured Plaintiff's arm while Plaintiff was incarcerated at Green Haven Correctional Facility. (Compl. p. 5.) Plaintiff thereafter filed a complaint against Corrections Officer Reyes-Jordan. (Opp. p. 4). In retaliation for Plaintiff filing a complaint against Reyes-Jordan, Hann threatened Plaintiff, stating that she could have him assaulted and transferred out of the facility. (*Id.*) Hann also filed false misbehavior reports against Plaintiff in response to his filing official complaints against Reyes-Jordan. (*Id.*)

Based on the foregoing, Plaintiff brings Section 1983 claims alleging violations of the First Amendment and alleging false report claims against Defendant Susan Hann.

## PROCEDURAL HISTORY

On March 14, 2019, Plaintiff commenced this action against the Defendants in his Complaint. (ECF No. 2.) Plaintiff filed a series of Amended Complaints, however, the Second Amended Complaint, filed on October 21, 2019, is the operative complaint. (ECF No. 17.) On November 22, 2024, Defendant filed her motion to dismiss and memorandum of law in support. (ECF Nos. 278 and 279.) Plaintiff filed his opposition to Defendant's motion ("Opp.") (ECF No. 279.) Finally, Defendant filed her Reply in further support of her motion ("Reply") (ECF No. 280.)

## LEGAL STANDARD

A. **Rule 12(b)(6)**

Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper unless the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When there are well-pled factual allegations in the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. While the Court must take all material factual allegations as true and draw

reasonable inferences in the non-moving party's favor, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555). The Second Circuit "deem[s] a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rotham v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The critical inquiry is whether the Plaintiff has pled sufficient facts to nudge the claims "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. A motion to dismiss will be denied where the allegations "allow[] the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

**B. Section 1983**

Section 1983 provides, in relevant part, that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws shall be liable to the party injured." Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979); *see Patterson v. County of Oneida*, 375 F.3d 206, 225 (2d Cir. 2004). To assert a claim under Section 1983, a plaintiff must allege "(1) the challenged conduct was attributable to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed by the U.S. Constitution." *Castilla v. City of New York*, No. 09-CV-5446(SHS), 2013 WL 1803896, at *2 (S.D.N.Y. April 25, 2013); *see Cornejo v. Bell*,

592 F.3d 121, 127 (2d Cir. 2010). Therefore, a Section 1983 claim has two essential elements: (1) the defendant acted under color of state law, and (2) as a result of the defendant's actions, the plaintiff suffered a denial of his federal statutory rights, or his constitutional rights or privileges. See Annis v. County of Westchester, 136 F.3d 239, 245 (2d Cir. 1998); Quinn v. Nassau Cty. Police Dep't, 53 F. Supp. 2d 347, 354 (E.D.N.Y. 1999) (Section 1983 "furnishes a cause of action for the violation of federal rights created by the Constitution.").

### C. *Pro Se* Pleading Standard

Where a litigant is *pro se*, the Court is empowered to consider "new facts raised in opposition papers to the extent they are consistent with the complaint, treating the new factual allegations as amending the original complaint." *Davila v. Lang*, 343 F. Supp. 3d 254, 267 (S.D.N.Y. 2018). A Court may consider "new claims appearing for the first time in the briefing 'if the claims could have been asserted based on the facts alleged in the complaint." *Vlad-Berindan v. MTA New York City Transit*, No. 14-cv-675, 2014 WL 6982929, at *5 (S.D.N.Y.2014) (citing *Rosado v. Herard*, No. 12-cv-8943, 2013 WL 6170631, at *3 (S.D.N.Y. 2013). Courts are to read a *pro se* litigant's papers "liberally" and "interpret them to raise the strongest argument that they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 791 (2d Cir. 1994).

## DISCUSSION

Plaintiff brings claims pursuant to Section 1983, alleging violations of the First Amendment. The Court addresses them in turn.

### A. False Report Claim

Defendant is correct to note that a prisoner "has no general constitutional right to be free from being falsely accused in a misbehavior." *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997). Rather, "[t]here must be more, such as retaliation against the prisoner for exercising a

4

constitutional right." *Id*. Where the prisoner only offers "unsupported, speculative, and conclusory" allegations of such misconduct, a false report claim "may be dismissed on the pleadings." *Id*. (quoting *Leon v. Murphy,* 988 F.2d 303, 311 (2d Cir.1993)).

Plaintiff's allegations are at times nonspecific and vague, for instance, stating that Defendant issued a false report in retaliation for Reyes-Jordan. (Compl. p. 6.) However, Plaintiff's opposition salvages his Complaint's nonspecific pleading; in Plaintiff's opposition, Plaintiff avers that after Plaintiff "filed other complaints against [] Reyes-Jordan . . . Hann threatened the plaintiff to have him assaulted and get transfer[red] out of the facility . . . and filed two false misbehavior reports against the plaintiff." (Opp. p. 4.) This is a textbook example of the kind of retaliation needed to state a false report claim – Plaintiff is clearly pleading that he exercised his First Amendment rights to seek redress against prison officials (filing a complaint against Reyes-Jordan), and, as a result, was subject to adverse action including, but not limited to, false reports and, even worse, threats of physical harm.

It is undisputed that a prisoner's filing a complaint against a prison official is constitutionally protected activity for the purposes of a false report claim and, in general, for establishing a Section 1983 claim. *See Everitt v. DeMarco,* 704 F. Supp. 2d 122, 132 (D. Conn. 2010); *see also Burroughs v. Petrone,* 138 F. Supp. 3d 182, 206 (N.D.N.Y. 2015); *Johnson v. Eggersdorf,* 8 F. App'x. 140, 144 (2d Cir. 2001); *Graham v. R.J. Henderson,* 89 F.3d 75, 80 (2d Cir. 1996); *Davis v. Goord,* 320 F.3d 346, 352 (2d Cir. 2003). Plaintiff's motion papers, therefore, clearly offer sufficient factual allegations to state a plausible false report claim predicated on retaliatory conduct against his exercising constitutionally protected rights. Therefore, the Court denies Defendant's motion to dismiss Plaintiff's false report claim.

### B. First Amendment Retaliation Claim

In order to sufficiently plead a First Amendment retaliation a claim, a plaintiff must allege: "(1) the plaintiff engaged in speech or conduct that was protected by the First Amendment; (2) the defendant was aware of the activity; (3) the defendant took adverse action against the plaintiff, and (4) there was a causal connection between the protected speech and the adverse action." *Dolan v. Connolly,* 794 F.3d 290, 294 (2d Cir. 2015).

Here, Plaintiff sufficiently pleads a First Amendment retaliation claim. As discussed *supra*, Plaintiff engaged protected activity – filing a complaint against Reyes-Jordan (first prong) (Compl. p. 6; Opp. pp. 3-4); Plaintiff pleads that Defendant was not only aware of this activity but threatened to have Plaintiff assaulted for filing a complaint against Reyes-Jordan (second prong) (Opp. pp. 3-4); Defendant took adverse action against Plaintiff by, for example, filing a false report against Plaintiff (third prong) (*Id.*); and, finally, there was clearly a causal connection between the protected speech and adverse action as Plaintiff avers that shortly after filing a complaint against Reyes-Jordan Defendant promised to retaliate against Plaintiff for his complaint against Reyes-Jordan (fourth prong) (*Id.*). *Cf. Monz v. Rocky Point Fire Dist.,* 853 F. Supp. 2d 277 (E.D.N.Y. 2012), *aff'd*, 519 F. App'x 724 (2d Cir. 2013) (dismissing First Amendment retaliation claim on the grounds that temporal proximity between protected conducted and adverse action was too remote and attenuated to plausibly state a claim for relief). Thus, as currently written, Plaintiff's motion papers successfully state a First Amendment retaliation claim against Defendant and the Court therefore declines to dismiss Plaintiff's First Amendment retaliation claim.

### C. Whether Hann is Entitled to a Qualified Immunity Defense

"The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional

rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In determining whether qualified immunity applies, the court considers: "(1) whether the plaintiff has shown facts making out violation of a constitutional right; (2) if so, whether that right was clearly established at time of defendant's alleged misconduct; (3) even if the right was clearly established, whether it was objectively reasonable for the officer to believe the conduct at issue was lawful." *Gonzalez v. City of Schenectady*, 728 F.3d 149, 154 (2d Cir. 2013) (quoting *Taravella v. Town of Wolcott*, 599 F.3d 129, 133-34 (2d Cir. 2010)).

Here, the Court must decide whether Defendant can rely on a qualified immunity defense against Plaintiff's false report and First Amendment retaliation claim. For the first consideration, as acknowledged *supra*, the Court has already concluded that Plaintiff has sufficiently pled a violation of his First Amendment constitutional right to be free from retaliation and subject to false reports for engaging in constitutionally protected activity.

For the second consideration, at the time of Defendant's retaliatory conduct against Plaintiff, Plaintiff had a clearly established constitutional right under the First Amendment to be free from retaliation where he engaged in protected conduct. *See Gill v. Pidlypchak*, 389 F.3d 379 (2d Cir. 2004); *Davis v. Goord,* 320 F.3d 346, 353 (2d Cir. 2003); *Hayes v. Dahlke*, 976 F.3d 259 (2d Cir. 2020). Given there was ample precedent at the time of Defendant's conduct, the Court must conclude that Plaintiff's First Amendment rights were clearly established at the time Defendant allegedly committed the referenced constitutional rights violations.

Finally, regarding the third consideration, the Court finds that it would not have been objectively reasonable for Defendant to believe the alleged conduct was lawful. While it is true that "prisoners may be required to tolerate more than average citizens, before [an] action taken

7

against them is considered adverse," it is not true that prisoners are to expected to tolerate retribution for their exercising their constitutional rights. *Davis,* 320 F.3d 346 at 353. If the Court were to conclude that it was objectively reasonable for Defendant to retaliate against Plaintiff for engaging in rights guaranteed to him under the First Amendment, the Court would be setting a dangerous precedent that states that it is reasonable for an officer to punish prisoners for taking action the Constitution promises them to be protected. Such a conclusion is not in accordance with the Supreme Court's instruction that "[p]rison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Turner v. Safley*, 482 U.S. 78, 84 (1987). Therefore, the Court finds that Defendant is not entitled to a qualified immunity defense against Plaintiff's false report and First Amendment retaliation claims.

## CONCLUSION

For the foregoing reasons, the Court DENIES Defendant's Susan Hann's motion to dismiss Plaintiff's Second Amended Complaint.

Defendant Susan Hann is directed to file an Answer to the Second Amended Complaint on or before June 24, 2025. The parties are directed to confer, complete and file a Case Management Plan Scheduling Order (blank form attached) by July 15, 2025.

The Clerk of Court is respectfully directed to terminate the motions at ECF No. 278, and to mail a copy of this Order to the *pro se* Plaintiff at the address listed on ECF and to show service on the docket.

Dated:   June 3, 2025                                                     SO ORDERED:
         White Plains, New York

                                                                          _____
                                                                          NELSON S. ROMÁN
                                                                          United States District Judge

UNITED STATES DISTRICT COURT Rev. Jan. 2012

SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

 **CIVIL CASE DISCOVERY PLAN**

 Plaintiff(s), **AND SCHEDULING ORDER**

 - against -

 Defendant(s). _____ CV _____ (NSR)

---------------------------------------------------------------x

  This Civil Case Discovery Plan and Scheduling Order is adopted, after consultation with counsel, pursuant to Fed. R. Civ. P. 16 and 26(f):

1. All parties [consent] [do not consent] to conducting all further proceedings before a Magistrate Judge, including motions and trial, pursuant to 28 U.S.C. § 636(c).  The parties are free to withhold consent without adverse substantive consequences.  (If all parties consent, the remaining paragraphs of this form need not be completed.)

2. This case [is] [is not] to be tried to a jury.

3. Joinder of additional parties must be accomplished by _____.

4. Amended pleadings may be filed until _____.

5. Interrogatories shall be served no later than _____, and responses thereto shall be served within thirty (30) days thereafter. The provisions of Local Civil Rule 33.3 [shall] [shall not] apply to this case.

6. First request for production of documents, if any, shall be served no later than _____.

7. Non-expert depositions shall be completed by _____.

   a. Unless counsel agree otherwise or the Court so orders, depositions shall not be held until all parties have responded to any first requests for production of documents.

   b. Depositions shall proceed concurrently.

   c. Whenever possible, unless counsel agree otherwise or the Court so orders, non-party depositions shall follow party depositions.

8. Any further interrogatories, including expert interrogatories, shall be served no later than _____.

9. Requests to Admit, if any, shall be served no later than _____.

10. Expert reports shall be served no later than _____.

11. Rebuttal expert reports shall be served no later than _____.

12. Expert depositions shall be completed by _____.

13. Additional provisions agreed upon by counsel are attached hereto and made a part hereof.

14. **ALL DISCOVERY SHALL BE COMPLETED BY** _____.

15. Any motions shall be filed in accordance with the Court's Individual Practices.

16. This Civil Case Discovery Plan and Scheduling Order may not be changed without leave of Court (or the assigned Magistrate Judge acting under a specific order of reference).

17. The Magistrate Judge assigned to this case is the Hon. _____.

18. If, after entry of this Order, the parties consent to trial before a Magistrate Judge, the Magistrate Judge will schedule a date certain for trial and will, if necessary, amend this Order consistent therewith.

19. The next case management conference is scheduled for _____, at _____. (The Court will set this date at the initial conference.)

SO ORDERED.

Dated:   White Plains, New York

_____

_____
Nelson S. Román, U.S. District Judge