UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

CARL BROWN,

                    Plaintiff,

    -against-                              **ORDER**

                                          19 Civ. 2296 (NSR)(JCM)

ANTHONY ANNUCCI, *et al.*,

                    Defendant.

----------------------------------------------------------X

        Presently before the Court is *pro se* plaintiff Carl Brown's ("Plaintiff") application for the appointment of *pro bono* counsel, filed on August 27, 2025. (Docket No. 303). Plaintiff has made numerous requests seeking appointment of *pro bono* counsel, including, most recently, on June 30, 2025. (Docket No. 292). The Honorable Nelson S. Román denied Plaintiff's last application without prejudice on July 14, 2025. (Docket No. 293). For the reasons set forth below, which largely mirror the reasons articulated by Judge Román in his July 14, 2025 Memorandum and Order, the Court denies Plaintiff's request with leave to renew should circumstances change.

        Although there is no constitutional right to counsel in civil cases, courts have the authority to request an attorney for any person unable to afford counsel. 28 U.S.C. § 1915(e)(1). However, the court has "[b]road discretion . . . in deciding whether to appoint counsel pursuant to this provision." *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). In exercising this discretion, the court must undertake two initial inquires: (1) whether Plaintiff can afford counsel; and, if not, (2) whether the merits of the case and Plaintiff's position "seem[] likely to be of

substance." *Massey v. Greinal*, 164 F. Supp. 2d 377, 378 (S.D.N.Y. 2001) (quoting *Hodge*, 802 F.2d at 61-62).

Only after these initial findings may the court consider secondary factors such as Plaintiff's "ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented [to the fact finder], the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Johnston v. Maha*, 606 F.3d 39, 42 (2d Cir. 2010) (quoting *Hodge*, 802 F.2d at 61-62). Since the court "does not have a panel of attorneys who can be compelled to take on civil cases *pro bono*, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." *Garcia-Garcia v. City of New York*, No. 12 Civ. 1302 (CM), 2013 WL 150206, at *1 (S.D.N.Y. Jan. 11, 2013).[1]

Upon review of the record, the Court notes that Plaintiff was granted leave to proceed *in forma pauperis* on June 20, 2019. (Docket No. 8). Thus, Plaintiff has demonstrated that he is indigent and cannot afford counsel. *See Martinson v. U.S. Parole Comm'n*, No. 02 Civ. 4913 (DLC)(DF), 2004 WL 203005, at *3 (S.D.N.Y. Feb. 2, 2004). The Court further assumes for the purposes of this application that Plaintiff's claims may have merit.

As noted, the instant motion is not Plaintiff's first application for the appointment of *pro bono* counsel. Plaintiff's first such request was filed on August 26, 2020, (Docket No. 48), and denied without prejudice on September 2, 2020, (Docket No. 49). Plaintiff's next two requests, filed August 24, 2021, (Docket No. 101), and October 27, 2021, (Docket No. 109), were both

---

[1] If Plaintiff does not have access to cases cited herein that are available only by electronic database, then he may request copies from Defendants' counsel. *See* Local Civ. R. 7.2 ("Upon request, counsel must provide the pro se litigant with copies of such unpublished cases and other authorities as are cited in a decision of the court and were not previously cited by any party.").

granted, (Docket Nos. 102, 130). On August 10, 2022, *pro bono* counsel entered appearances, limited to the preparation and filing of a Fourth Amended Complaint and related motion for leave. (Docket Nos. 170, 171, 172). On January 9, 2024, *pro bono* counsel filed a notice of completion as to their limited appearance. (Docket No. 236). Plaintiff filed another application for the appointment of *pro bono* counsel on June 30, 2025, (Docket No. 292), which was denied without prejudice on July 14, 2025, (Docket No. 293).

The Court finds that there has been no material change in Plaintiff's circumstances since Plaintiff's last application for *pro bono* counsel was denied. *See Colon-Regus v. FEGS Health & Hum. Serv. Sys.*, No. 12 Civ. 2223 (AT)(KNF), 2013 WL 6200929, at *2 (S.D.N.Y. Nov. 27, 2013) (holding where no change in circumstances "such as the filing of an amended complaint with additional factual allegations has occurred[] since the plaintiff last requested that the court appoint *pro bono* counsel . . . appointing *pro bono* counsel to assist the plaintiff is not warranted"). The proceedings are still in their early stages, as discovery is not scheduled to be completed until February 15, 2026, and the parties have not yet made summary judgment motions.

Thus, at this time, the Court is not persuaded that the appointment of counsel is warranted under the secondary factors articulated in *Hodge*. In his motion, Plaintiff argues that he requires the assistance of counsel because he does not understand how to read medical records. (Docket No. 303 at 1). Additionally, Plaintiff asserts that he is experiencing retaliation as a result of his pending claims. (*Id.*). The Court finds that these assertions do not present any complex issues and observes that Plaintiff has thus far demonstrated an ability to represent himself. In fact, Plaintiff has independently filed the Complaint, (Docket No. 2), multiple Amended Complaints, (*see, e.g.*, Docket Nos. 13, 17), a request to proceed *in forma pauperis*, (Docket No. 5), the

instant motion, (Docket No. 303), as well as prior applications for the appointment of *pro bono* counsel, (Docket Nos. 48, 101, 109, 292). Furthermore, the record is replete with letters and motions that Plaintiff filed *pro se*. (*See, e.g.*, Docket Nos. 85, 86, 119).

Accordingly, because the Court does not find any circumstances warranting the appointment of *pro bono* counsel at this time, Plaintiff's application for appointment of counsel is denied with leave to renew should circumstances change. *See Ross v. Brown*, No. 09 Civ. 5737 (PKC)(DCF), 2010 WL 3154561, at *3 (S.D.N.Y. Aug. 3, 2010). The Clerk of Court is respectfully requested to terminate the pending motion (Docket No. 303), and mail a copy of this Order to the *pro se* Plaintiff.

Dated: September 25, 2025
       White Plains, New York

                                              SO ORDERED:

                                              JUDITH C. McCARTHY
                                              United States Magistrate Judge