USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/03/2026

**MEMORANDUM ENDORSEMENT**
19-cv-02296-NSR
*Brown v. Annucci et al*

Defendants' request for an extension of time to file their summary judgment motion is GRANTED. The briefing schedule is revised as follows:

1) Defendants' motion papers shall be served, not filed, on October 7, 2026;

(2) Plaintiff's opposition papers shall be served, not filed, on November 23, 2026; and

(3) Defendants' reply papers shall be served on December 8, 2026.

Defendants shall file all motion papers on the reply date, December 8, 2026. The Clerk of Court is respectfully directed to mail a copy of this endorsement to pro se Plaintiff at the address listed on ECF and to show service on the docket. The Clerk of Court is further directed to terminate the motion at ECF No. 335.

Dated: September 3, 2026
White Plains, NY

SO ORDERED:

NELSON S. ROMÁN
United States District Judge

**Office of the New York State Attorney General**

**Letitia James Attorney General**

**BY ECF** September 2, 2026

Hon. Nelson S. Román
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

Re: Brown v. Annucci, et. al., 19-Civ-2296 (NSR)(JCM)

Dear Judge Román:

This office represents the remaining Defendants in this action. I write to respectfully request that the deadline for Defendants' summary judgment motion be extended from September 7, 2026 to October 7. Since my earlier correspondence to the Court (ECF No. 332), I had what I thought was a productive settlement discussion with Plaintiff, but as discussed below, it appears that I misunderstood Plaintiff or that he has changed his mind. As settlement no longer appears feasible, the primary reason for this request is that I continue to have difficulty reaching some of the Defendants who are no longer with DOCCS to provide declarations in connection with the motion. The Court has granted Defendants two prior requests for an extension of this deadline. Given Plaintiff's position in the past, it is unlikely that he would consent.

In addition, Plaintiff's recent correspondence (ECF No. 334) mischaracterizes my discussions with him. No settlement offers were made (I have no such authority), but rather, I was seeking to have Plaintiff make a demand that I could incorporate into a settlement recommendation. I was under the impression after speaking to him that his demand was now $50,000 to settle the instant action and was drafting my recommendation accordingly, but that no longer appears to be the case. This may have been my misunderstanding Plaintiff as it is often difficult to follow his train of thought. As for Your Honor, I simply indicated that you are extremely neutral and fair. I did indicate that my office normally has a solid success rate when DOCCS cases are taken to trial in the S.D.N.Y. in general, as Plaintiff seemed to over-estimate the likelihood that he will prevail, not a specific success rate before Your Honor. Indeed, I have never tried a case before Your Honor and am unfamiliar with other DOCCS cases tried before Your Honor.

We thank the Court for its consideration.

Respectfully submitted,
*/s/ Jeb Harben*
Jeb Harben, Assistant Attorney General
(212) 416-6185
jeb.harben@ag.ny.gov

cc: Pro Se Plaintiff